# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CRAIG L. SCOTT,**

    **Petitioner,**

**v.**                                                      **Civil Action No. 3:14cv133**
                                                         **(Judge Groh)**

**WARDEN PERDUE,**[1]

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On December 15, 2014, the *pro se* petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, ostensibly challenging the validity of the Bureau of Prisons' ("BOP") computation of his sentence. Along with his petition, he filed a motion to proceed *in forma pauperis* ("IFP"). The Clerk of Court issued a Notice of Deficient Pleading, directing petitioner to file a copy of his Prisoner Trust Account Report ("PTAR") within twenty-one days. On December 24, 2014, petitioner paid the $5.00 filing fee.[2]

On February 2, 2015, petitioner filed a Motion for Injunctive Relief Against Use of Administrative *Res Judicata* Illegally, along with a Motion for Hearing. On February 9, 2015, petitioner filed Exhibits to be Attached to Motion for Injunction. On March 16, 2015, petitioner filed a Motion to Construe 2241 as *Coram Nobis*.

---

[1] The proper respondent for a petition filed pursuant to 28 U.S.C. §2241 is a prisoner's immediate custodian. See 28 U.S.C. §2241; see also Rumsfeld v. Padilla, 542 U.S. 426, 434 – 35 (2004)(the proper respondent for a habeas petition is the petitioner's immediate custodian. Here, because petitioner's immediate custodian is now Charles Williams, Warden Williams should be substituted for Warden Perdue in this action..

[2] The IFP motion was terminated by the Clerk.

On March 17, 2015, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent.

On April 13, 2015, petitioner filed a Motion in Anticipation of Timeliness Issue.

On April 14, 2015, the respondent filed a Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause. On April 27, 2015, before the Court had the opportunity to issue a Roseboro Notice, petitioner filed a Traverse to the respondent's dispositive motion.

This matter, before the undersigned for review, report, and recommendation pursuant to LR PL P 2, is ripe for review.

## II. Factual and Procedural History

### A. Conviction and Sentence

Petitioner contends that he was "arrested by the FBI" on June 8, 1994 for conspiracy to commit bank robbery and that the robberies were committed "in order to finance an entertainment company."[3]

On February 17, 1995, petitioner was sentenced in the District of Maryland to 87 months imprisonment for bank robbery and aiding and abetting, violations of 18 U.S.C. §§2113(a)(f) & 2; and a mandatory consecutive 5-year term of imprisonment for the use and carrying of a firearm in the commission of a crime of violence, in violation of 18 U.S.C. §924(c) and 2113(a)(f).[4]

---

[3] See Motion for Injunctive Relief Against Use of Administrative Res Judicata Illegally. Dkt.# 9 at 1.

[4] D. Md. Case No. 1:94cr281.

A year later, on February 23, 1996, again in the District of Maryland, upon conviction for his involvement in another armed bank robbery,[5] petitioner was sentenced to 77 months imprisonment for conspiracy to commit bank robbery, bank robbery, and aiding and abetting, in violation of 18 U.S.C. §§2113(a)(f), 2113(a)(f) & 2; and the use and carrying of a firearm in commission of a crime of violence; aiding and abetting, in violation of 18 U.S.C. §924(c). The 77-month sentence was ordered to run concurrently with the unexpired 87-month term of imprisonment imposed on February 17, 1995 for a separate bank robbery, but consecutively to the mandatory 5-year term imposed on February 1, 1995, for his firearms conviction. In addition, on February 23, 1996, the Court also sentenced Scott to two consecutive 20-year terms, or a total of a 40-year term of imprisonment, for using and carrying of a firearm in the commission of this additional bank robbery. Again, the Court ordered this 40-year sentence on these firearms charges to be served consecutively to the 77-month term for the bank robbery offenses.

Four years later, on February 14, 2000, pursuant to an amended judgment, Scott's 77-month bank robbery sentence was reduced to a 9-month term of imprisonment that was ordered to run concurrently with the separate, unexpired, 87-month bank robbery sentence previously imposed on February 17, 1995. These bank robberies sentences were to run consecutively to the 5-year mandatory jail term imposed for using firearms in connection with the first of these bank robberies. Further, the 40-year term for the use and carrying of a firearm in the commission of a crime of violence imposed for his second bank robbery conviction also remained unchanged, except that it was now to be served consecutive to the 9-month term.

Scott's multiple terms of imprisonment were required to be treated for administrative purposes as a single, aggregate term of imprisonment. Therefore, the BOP's computation of the

---

[5] D. Md. Case No. 1:95cr202.

order of Scott's service of sentences is as follows: first, the 87-month bank robbery term, followed by the mandatory consecutive 5-year jail term for the firearms offenses associated with this bank robbery conviction; then the two 20-year mandatory consecutive jail terms following Scott's second and subsequent bank-robbery related firearms convictions, for an aggregate term of imprisonment of 45 years and 87 months. Scott's sentence commenced on February 17, 1995, the date his first sentence was imposed. He was awarded prior custody credit of 254 days for the period of time from June 8, 1994, through February 16, 1995.[6]

According to the BOP's online Inmate Locator, Scott is presently 45 years old and has a projected release date of December 19, 2039.

**B. Direct Appeals**

Petitioner appealed his convictions in Case No. 1:94cr281 to the Fourth Circuit Court of Appeals. By unpublished *per curiam* opinion entered December 11, 1997, the district court's decision was affirmed.[7] Petitioner's motion for rehearing *en banc* was denied on January 12, 1998.

Petitioner also appealed his convictions in Case No. 1:95cr202 to the Fourth Circuit Court of Appeals. By unpublished *per curiam* opinion issued on December 13, 1999, the district court's judgment was affirmed in part, vacated and remanded in part. Petitioner petitioned for writ of *certiorari;* it was denied on April 17, 2000.[8]

**C. §2255 Motions**

---

[6] The information regarding petitioner's prior convictions and sentences was taken from a Report and Recommendation entered in a §2241 habeas petition filed as Scott v. Holder, 2011 U.S. Dist. LEXIS 77162 (M.D. Pa. May 25, 2011), and from copies of petitioner's two D. Md. Judgments in his criminal cases, attached to the respondent's response. See M.D. Pa. Case No. 1:11cv757, Dkt.# 6-1 at 8 and 12.

[7] (4th Cir. Dkt.# 93)(95-5208).

[8] (4th Cir. Dkt.# 176)(96-4372).

4

## 1) §2255 Motions Filed in Case No. 1:95cr202

### First §2255 Motion

Petitioner filed his first Motion to Vacate on July 7, 2003.[9] By Order entered October 7, 2003, the motion, along with a certificate of appealability, was denied. Petitioner filed a Motion to Alter or Amend Judgment on October 20, 2003; it was denied by Order entered February 2, 2004. On February 25, 2004, petitioner appealed the denial to the Fourth Circuit Court of Appeals. On August 10, 2004, by unpublished *per curiam* opinion, the appeal was dismissed and a certificate of appealability was denied.[10]

### Second §2255 Motion

On January 26, 2012, petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. §2255.[11] By Order entered on January 31, 2012, the motion was dismissed without prejudice for lack of jurisdiction because Scott had not sought prefiling authorization from the Fourth Circuit. The Court specifically noted that a certificate of appealability would not issue. On February 13, 2012, petitioner filed a Motion to Amend Judgment Dismissing 2255 Motion; by Order entered May 1, 2012, it was likewise denied.

### Third §2255 Motion

On November 1, 2012, in both Case No. 1:94cr281 and Case No. 1:95cr202,[12] petitioner filed Motions to Vacate under 28 U.S.C. 2255/for New Trial, along with motions for appointed counsel. By Order entered November 9, 2012 in Case No. 1:94cr281, and November 13, 2012 in Case No. 1:95cr202, the motions were denied for lack of jurisdiction.

---

[9] D. Md. Civil Action No. 1:03-cv-01957.

[10] (4th Cir. Dkt.# 16 and 17)(04-6330).

[11] D. Md. Case No. 1:12-cv-00259-CCB.

[12] D. Md. Case No. 1:12-cv-03274-CCB.

### §2244 Motion

On June 14, 2012, in the Fourth Circuit Court of Appeals, petitioner filed a motion under 28 U.S.C. §2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. §2255 in both of his criminal cases. By Order entered July 16, 2012, the Fourth Circuit denied the motion.[13]

## 2) §2255 Motions filed in Case No. 1:94cr281

### First §2255 Motion

On January 29, 2004, petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. §2255. By Order entered March 5, 2004, it was dismissed as time-barred.[14]

### Second §2255 Motion

On April 26, 2004, petitioner filed another Motion to Vacate, Set Aside or Correct Sentence; it was denied by Order entered April 28, 2004.[15]

### Third §2255 Motion

On May 14, 2004, petitioner filed another Motion to Vacate Pursuant to 28 U.S.C. §2255; it was denied by Order entered June 4, 2004.[16] Petitioner moved to amend the judgment on June 21, 2004; his motion was denied by Order entered June 23, 2004.

### Fourth §2255 Motion

On March 14, 2005, petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. §2255. By Order entered March 17, 2005, the motion was dismissed.[17] Petitioner moved for reconsideration

---

[13] (4th Cir. Dkt.# 5)(12-220).

[14] D. Md. Case No. 1:04-cv-00274-JFM, Dkt.# 2.

[15] D. Md. Case No. 1:04-cv-01325-JFM, Dkt.# 2.

[16] D. Md. Case No. 1:04-cv-01563-JFM, Dkt.# 2.

[17] D. Md. Case No. 1:05-cv-00707-JFM, Dkt.# 2.

on April 4, 2005; that motion was denied by Order entered the following day. On August 29, 2005, petitioner filed a Motion to Amend Judgment; it was denied by Order entered September 13, 2005. Petitioner then filed a Motion to Alter/Amend Judgment on January 17, 2006; it was denied by Order entered the following day.

**Fifth §2255 Motion**

On November 1, 2012, in both Case No. 1:94cr281 and Case No. 1:95cr202, petitioner filed Motion to Vacate under 28 U.S.C. 2255/for New Trial, along with a motion for appointed counsel. By Order entered November 9, 2012 in Case No. 1:94cr281,[18] and November 13, 2012 in Case No. 1:95cr202, the motions were denied for lack of jurisdiction.

**§2244 Motion**

On June 14, 2012, in the Fourth Circuit Court of Appeals, petitioner filed a motion under 28 U.S.C. §2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. §2255 in both of his criminal cases. By Order entered July 16, 2012, the Fourth Circuit denied the motion.[19]

**3) Other Challenges to Petitioner's Sentence Computation**

On April 20, 2011, while incarcerated in FCI Allenwood in White Deer, Pennsylvania, petitioner filed a habeas corpus petition pursuant to 28 U.S.C. §2241 in the Middle District of Pennsylvania, challenging the BOP's computation of his sentences. On July 13, 2011, by memorandum opinion and Order adopting the earlier Report and Recommendation ("R&R") entered in the case, the Court upheld the BOP's computation of Scott's aggregate 47 year and 87

---

[18] D. Md. Case No. 1:12-cv-03256-JFM, Dkt.# 2.

[19] (4th Cir. Dkt.# 5)(12-220).

month term of imprisonment with 254 days of prior custody credit, denied his petition, and denied a certificate of appealability.

Despite that, petitioner continued to repeatedly challenge the judgment via various post-judgment motions, including petitions for mandamus and appeals, for over a year, until the Court issued a September 20, 2012, memorandum opinion to petitioner's then-most recent motion, construed as a motion for reconsideration, stating in pertinent part that it declined " . . . to revisit the issues . . . previously been addressed and [that] are frivolous, repetitious and burdensome to the court."[20]

### III. Issues Presented

**A. The Petition**

In his petition, filed without a memorandum in support, the petitioner contends that in the BOP's Designation and Sentence Computation Center ("D&SCC")'s December 1, 2014 response to his BP-8, the BOP "deliberately refused to hear" his claim that 18 U.S.C. §4001(a) and Pentry v. Lynaugh[21] create a liberty interest and require the determination of legislative intent, to be discerned by applying Blockburger[22] and Ball.[23] He argues that deliberate disregard for these procedures in the review of his BP-8 violated his due process rights, and that, along with his Judgment and Commitment, constitutes cruel and unusual punishment.

For relief, the petitioner seeks to have the BOP inform the sentencing court that the sentence contained in his Judgment and Commitment is contrary to BOP statutory interpretation as required by policy statement, and constitutes cruel and unusual punishment. Further, because

---

[20] (M.D. Pa. Dkt.# 53 at 2) (1:11-cv-00757).

[21] Pentry v. Lynaugh, 492 U.S. 302 (1989).

[22] Nowhere in petitioner's filings does he provide a citation to the Blockburger case.

[23] Ball v. United States, 470 U.S. 856 (1985).

8

his convictions are a "violation of double jeopardy," he seeks to have them vacated and requests resentencing and immediate release.

Petitioner alleges that the remedy under 28 U.S.C. §2255 is inadequate or ineffective because the warden is holding him in violation of Congressional intent.

**B. Respondent's Motion to Dismiss or for Summary Judgment**

In support of his Motion to Dismiss or for Summary Judgment, the respondent argues that the case should be dismissed, or summary judgment awarded in its favor, because §2241 is not the appropriate method for petitioner to challenge the validity of his sentence. Further, the respondent notes that even if petitioner had actually raised a challenge to his sentence computation, it would have been dismissed as an abuse of the writ, pursuant to 28 U.S.C. §2244(a).

**C. Petitioner's Traverse**

In reply to the respondent's Motion to Dismiss or for Summary Judgment, the petitioner reiterated his arguments and attempted to refute the respondent's on the same.

### IV. Standard of Review

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when a complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs., 882 F.2d 870 (4th Cir. 1989).

Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss a plaintiff must state a plausible claim in his complaint that is based on cognizant legal authority and includes more than conclusory or speculative factual allegations. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id.; see also Nemet Chevrolet, Ltd. v. Comsumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id.

Whether a complaint is legally sufficient is measured by whether it meets the standards for a pleading stated in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 (providing general rules of pleading), Fed. R. Civ. P. 9 (providing rules for pleading special matters), Fed. R. Civ. P. 10 (specifying pleading form), Fed. R. Civ. P. 11 (requiring the signing of a pleading and stating its significance), and Fed. R. Civ. P. 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted). See Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009).

Plaintiff is proceeding *pro se* and therefore the Court is required to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, Haines, 404 U.S. at 520, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Id. at

520-21. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). However, a court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider official public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462 (4th Cir. 2011).

**B. Motion for Summary Judgment**

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586. The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that "the party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587.

### V. Analysis

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to §2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a §2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus

12

if a remedy through a §2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under §2255, there must be more than a procedural barrier to bringing a §2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a §2255 motion is not inadequate or ineffective merely because the claim was previously raised in a §2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[24]

Id. at 333-34.

Although Petitioner attempts to raise a perfunctory savings clause argument, alleging that he is being held in violation of Congressional intent, it is clear that he is not entitled to its

---

[24] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §§2113(a)(f), 2113(a)(f) & 2, and 18 U.S.C. §924(c) remain criminal offenses. Therefore, because the petitioner clearly attacks the validity of his convictions and sentences, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and has yet again improperly filed a §2241 petition.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED with prejudice.**

Further, the undersigned also recommends that petitioner's pending Motion for Injctive Relief Against Use of Administrative *Res Judicata* Illegally (Dkt.# 9); Motion for Hearing on Motion for Injunction (Dkt.# 10); Motion to Construe 2241 as *Coram Nobis* (Dkt.# 12); Motion in Anticipation of Timeliness Issue (Dkt.# 15) all be **DENIED as moot**.

The Clerk of Court is directed to substitute Warden Charles Williams on the docket for respondent Warden Perdue.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by June 2, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v.

Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 19, 2015

/s/  James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE