**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CRAIG L. SCOTT,**

    Petitioner,

v.                                               **CIVIL ACTION NO.: 3:14-CV-133
(GROH)**

**CHARLES WILLIAMS,**[1]
**Warden,**

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R, [ECF 19], on May 19, 2015. In the R&R, he recommends that the Petitioner's 28 U.S.C. § 2241 petition, [ECF 1], be denied and dismissed with prejudice. Magistrate Judge Seibert also recommends that the Respondent's motion to dismiss or, in the alternative, for summary judgment, [ECF 16], be granted, and that the Petitioner's remaining motions, [ECF Nos. 9, 10, 12 and 15], be denied as moot.[2]

---

[1] Pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004), and Magistrate Judge Seibert's directive, the Clerk has substituted Charles Williams as the Respondent in this matter, replacing "Warden Perdue," the original named Respondent.

[2] On June 8, 2015, the Petitioner filed a motion requesting a thirty-day extension of time to file an amendment regarding his allegations of fraudulent concealment. ECF 22.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the Federal Correctional Institution, Gilmer, on May 22, 2015, and the Petitioner timely filed his objections on June 2, 2015.

## I. Background

On February 17, 1995, the Petitioner was sentenced by the United States District Court for the District of Maryland to eighty-seven months' imprisonment for bank robbery and to a consecutive term of five years' imprisonment for the use and carrying of a firearm in the commission of a crime of violence. On February 23, 1996, in a separate case also in the District of Maryland, the Petitioner was sentenced after being found guilty of conspiracy to commit bank robbery under 18 U.S.C. § 371; armed bank robbery under 18 U.S.C. § 2113(a); attempted armed bank robbery; and two counts of using or carrying a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c). Pursuant to an amended judgment issued in the second case, the Petitioner was sentenced to a term of nine months' imprisonment, to run concurrently with the previously-imposed eighty-seven

2

month term but consecutively to the five-year term. He was also sentenced to two twenty-year terms of imprisonment, ordered to run consecutively to each other and consecutively to the nine-month term. According to the Federal Bureau of Prisons' ("BOP") online "Inmate Locator," the Petitioner's projected release date is December 19, 2039.

In the years since his federal sentences were imposed, the Petitioner has filed multiple direct appeals and other motions, including several 28 U.S.C. § 2255 motions in each of his District of Maryland cases.[3] On June 14, 2012, the Petitioner filed a motion in the Fourth Circuit Court of Appeals under 28 U.S.C. § 2244, seeking authorization from the Fourth Circuit to file a second or successive § 2255 application in both of his District of Maryland cases. In an order issued on July 16, 2012, the Fourth Circuit denied the motion.[4]

On December 15, 2014, the Petitioner, who is currently an inmate at the Federal Correctional Institution, Gilmer, filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. The Petitioner indicated that his § 2241 petition concerned the computation of his prison sentence. The Petitioner argued that his convictions were imposed "in violation of double jeopardy." Additionally, he asserted that the Respondent had deliberately disregarded the Petitioner's liberty interest, as created by 18 U.S.C. § 4001(a) and Penry v. Lynaugh, 492 U.S. 302 (1989), abrogated by Atkins v. Virginia, 536

---

[3] The Petitioner's § 2255 motions concerning his conviction or sentence in Criminal Action No. 1:94-CR-281 were denied or dismissed by orders issued in District of Maryland Civil Action Nos. 1:04-CV-00274, 1:04-CV-01325, 1:04-CV-01563, 1:05-CV-707 and 1:12-CV-03256.

The Petitioner's § 2255 motions concerning his conviction or sentence in Criminal Action No. 1:95-CR-202 were denied or dismissed by orders issued in District of Maryland Civil Action Nos. 1:03-CV-01957, 1:12-CV-00259 and 1:12-CV-03274.

[4] In re: Craig Lamont Scott, No. 12-220, (4th Cir. July 16, 2012), ECF No. 5.

U.S. 304 (2002). The Petitioner further argued that the BOP had failed to fulfill its duty to consider the relevant legislative intent when it reviewed the Petitioner's administrative remedy requests, pursuant to Ball v. United States, 470 U.S. 856 (1985), and Blockburger v. United States, 284 U.S. 299 (1932). As relief, the Petitioner sought a Court order vacating his convictions and granting his immediate release. In the alternative, he requested immediate release due to the cruel and unusual punishment he suffered while in the Respondent's custody.

The Petitioner then filed several other motions in the instant matter. On February 2, 2015, he filed a motion for injunctive relief against use of administrative res judicata illegally, together with a motion requesting a hearing on that filing. On March 16, 2015, he submitted a motion to construe his § 2241 petition as a *coram nobis* petition. On April 13, 2015, he filed a motion in anticipation of timeliness issue.[5]

On April 14, 2015, the Respondent filed a motion to dismiss or, in the alternative, for summary judgment, together with a memorandum in support. The Petitioner filed his traverse to that motion on April 27, 2015. On May 19, 2015, Magistrate Judge Seibert issued his R&R, recommending that the Court grant the Respondent's motion, deny and dismiss the Petitioner's § 2241 petition with prejudice and deny the Petitioner's other pending motions as moot. The magistrate judge found that a § 2241 petition was not the appropriate avenue for the Petitioner to seek relief, as the Petitioner was attacking the validity of his conviction and sentence instead of the manner in which his sentence was

---

[5] Additionally, on June 8, 2015, approximately one week after his objections were filed, the Petitioner filed a motion requesting a thirty-day extension of time to file an amendment regarding his allegations of fraudulent concealment. Because the Court finds the Petitioner's fraudulent concealment argument to be both meritless and inconsequential to this Court's determination, the Court denies the Petitioner's motion.

4

executed and was unable to meet the "savings clause" of § 2255. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The Petitioner timely filed his objections to the R&R on June 2, 2015. The Petitioner's objections focus on his allegations of fraudulent concealment. He argues that his sentencing courts' judgment and commitment orders and the BOP's computations of his sentence were all the result of fraudulent concealment. The only objections the Petitioner makes to the magistrate judge's analysis relate to Magistrate Judge Seibert purportedly taking "judicial notice" of the procedural history of the Petitioner's federal criminal cases and of the Petitioner's projected release date. To attempt to summarize the Petitioner's argument, he believes that the BOP's history of fraudulent concealment has rendered each of the Petitioner's prior administrative, habeas corpus and § 2255 proceedings invalid, and therefore it was error for Magistrate Judge Seibert to rely on that procedural history when making his recommendation to this Court.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th

5

Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A party is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine issue as to any material fact and the moving party is entitled to judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

It is "well established" that a defendant who seeks to challenge his or her conviction or sentence should do so through § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see also, e.g., Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.

1999) (per curiam) ("[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255."). Conversely, § 2241 "is typically used to challenge the manner in which a sentence is executed," as opposed to a conviction or the imposition of a sentence. Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001). A petitioner may not file a second or successive § 2255 motion attacking a conviction or sentence "without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Here, the Petitioner has sought permission to file successive motions from the Fourth Circuit Court of Appeals in each of his criminal cases and has been denied.

The "savings clause" of § 2255 allows a petitioner to bring certain claims through a § 2241 petition that would otherwise be inappropriate, but only under specific circumstances. Pursuant to the savings clause, a prisoner may seek relief by challenging the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255; In re Vial, 115 F.3d at 1194. A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is a stringent one. See Blow v. Stansberry, Civil Action No. 2:08-CV-426, 2008 WL 7703018, at *1 (E.D. Va. Oct. 16, 2008) (citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam)), aff'd per curiam, 325 F. App'x 224 (4th Cir. 2009). A remedy is not inadequate or ineffective merely because a petitioner has been unable to obtain relief under § 2255 or because a petitioner is procedurally barred from filing a § 2255 motion. In re Vial, 115 F.3d at 1194 n.5. In the Fourth Circuit, § 2255 is deemed to be inadequate or ineffective to test the legality of a conviction when all three

of the following conditions are satisfied:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.

Here, the Petitioner argues that his multiple consecutive sentences should be invalidated pursuant to Ball and Blockburger, as his offenses were part of a single ongoing conspiracy. He further asserts that the Respondent, by fraudulently concealing certain facts or legal precedent, has prevented him from succeeding in his previous attempts to have his sentence declared invalid. It is readily apparent that the Petitioner is challenging the imposition of his federal sentence, and that his proper avenue for relief is through § 2255. The remedy provided by § 2241 is not rendered inadequate or ineffective merely because second or successive petitions are prohibited. Phillips v. Francis, Civil Action No. 5:06-CV-159, 2009 WL 779040, at *2 (N.D.W. Va. Mar. 23, 2009), aff'd per curiam, 332 F. App'x 103 (4th Cir. 2009). The Petitioner cannot meet the savings clause of § 2255, because the crimes that the Petitioner was convicted of remain criminal offenses. See In re Jones, 226 F.3d at 333-34.

The Petitioner's objections to the R&R do not address this issue. Instead, he objects to the magistrate judge taking "judicial notice" of the procedural history of his federal cases. His objections lack merit and are entirely irrelevant to the savings clause issue, which this Court finds dispositive. The Petitioner's objections are thus overruled. Upon careful consideration of the record, the parties' filings and the R&R, the Court finds that Magistrate

Judge Seibert committed no clear error with regard to the remainder of the R&R.

Therefore, because the Petitioner cannot satisfy the savings clause of § 2255, his § 2241 petition must be dismissed. The Court finds that the Petitioner's other motions, including his motion requesting a thirty-day extension of time to file an amendment regarding his allegations of fraudulent concealment, are moot.

## IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation, [ECF 19], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's objections are **OVERRULED**. The Court **ORDERS** that the Petitioner's § 2241 petition, [ECF 1], is hereby **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment, [ECF 16], is **GRANTED**. The Petitioner's Motion for Injunctive Relief Against Use of Administrative Res Judicata Illegally, [ECF 9], Motion for Hearing, [ECF 10], Motion to Construe § 2241 Petition as Coram Nobis, [ECF 12], Motion in Anticipation of Timeliness Issue, [ECF 15], and Motion Requesting an Extension to File Amendment Regarding Fraudulent Concealment, [ECF 22], are **DENIED AS MOOT**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58. As the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record and to

mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED:** June 17, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE